UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2018 AUG 27 A 10: 23

US DISTRICT COURT
BRIDGEPORT CT

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

Misc. No. 3:18MJ 1373

(JGM)

**Filed Under Seal**

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

Kevin J. O'Connor, an attorney of the United States Department of Justice and the United States Attorney for the District of Connecticut, by Mark D. Rubino, an Assistant United States Attorney, hereby applies *ex parte* to the Court for an order requiring Hotmail, a provider of internet services, to disclose subscriber information, records and other information pertaining to accounts identified by or associated with the email account name ███████@Hotmail.com as well as contents of wire and electronic communications in a remote computing service (but not in electronic storage),[1] as set forth in detail in Attachment A.

---

[1] "Electronic Storage" is a term of art, specifically defined in 18 U.S.C. § 2510(17) as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and any storage of such communication by an electronic communication service for purposes of backup protection of such communication." Backup protection refers to the copying and preservation at the request of law enforcement under 18 U.S.C. § 2704 of electronic communications. This application seeks only post-transmission communications, which are identified in 18 U.S.C. §§ 2703(b) and 2711(2) as communications stored in a "remote computing service."

In support of this application, your applicant states the following:

1. Your applicant is an "attorney for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and therefore may apply for an order for obtaining of records pursuant to Title 18, United States Code, Section 2703(c) & (d).

2. Because Hotmail, the service provider, functions both as an electronic communications service (that is, they provide subscribers access to, among other services, e-mail services) and a remote computing service (that is, they provide computer facilities for the storage and processing of wire and electronic communications) Title 18, United States Code, Section 2703 sets out particular requirements that must be met in order to obtain access to the requested records and information.

3. To obtain basic subscriber information, the government needs only a subpoena. 18 U.S.C. § 2703(c)(2). To obtain records and other information pertaining to subscribers of an electronic communications service or remote computing service, the government must comply with the dictates of section 2703(c)(1)(B) & (d), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity --
>
> . . . .
>
> (B) obtains a court order for such disclosure under subsection (d) of this section

4. To obtain contents of electronic communications in a remote computing service (but not in electronic storage), the government must comply with § 2703(b)(1)(B), which provides, in pertinent part:

2

> A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection --
>
> > . . . .
> >
> > (B) with prior notice from the government entity to the subscriber or customer if the governmental entity --
> >
> > > . . . .
> > >
> > > (i) uses an administrative subpoena authorized by a Federal or State Statute or a Federal or State grand jury or trial subpoena; or
> > >
> > > (ii) obtains a court order for such disclosure under subsection (d) of this section;
>
> except that delayed notice may be given pursuant to section 2705 of this title.

5. Paragraph 2 of subsection 2703(b) provides that this section applies with respect to any electronic communication held or maintained on a remote computing service --

> (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and
>
> (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

6. Section 2703(d), in turn, provides that a court order may be issued concerning these electronic communications:

> by any court that is a court of competent jurisdiction[2] and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation. . . .

---

[2] The term "court of competent jurisdiction" has the meaning assigned by 18 U.S.C. § 3127, and includes any federal court within that definition, without geographic limitation. 18 U.S.C. § 2711(3).

3

7. That your applicant has discussed this request with Special Agent Rodney George of the Drug Enforcement Administration. SA George has participated in this investigation, and has determined the following information:[3]

a. ▇▇▇▇▇▇▇▇, a Russian national, is believed to be a principal figure in an international money laundering operation where millions of dollars of proceeds of pornographic and child pornographic web sites are being transferred through a Connecticut business known as ▇▇▇▇▇▇▇▇ to individuals and entities in Russia. Until mid-March 2007, ▇▇▇▇▇▇▇ was located ▇▇▇▇▇▇▇▇▇▇, CT, which is the office space operated by ▇▇▇▇▇▇, who appears to operate multiple businesses out of this location. Based upon our investigation, the money laundering scheme is facilitated by three Russian women who worked in the front area of the ▇ offices. These Russian women, including one known as ▇▇▇▇▇▇, who lives in Cheshire, CT, were responsible for opening ▇ accounts and sending the proceeds of the pornographic and child pornographic web sites to Russia.

b. ▇▇▇▇▇▇ is presently here in the United States supervising the move of the three Russian women from ▇▇▇ office space ▇▇▇▇▇▇▇▇▇▇, CT to a new location at ▇▇▇▇▇▇▇▇▇, CT. While in the U.S, ▇▇▇▇▇ is using a rental car. On his rental car agreement, he listed two cell phones as his contact information; the first one belongs to ▇▇▇▇, and the second one to a woman

---

[3] This information does not set forth all of the information that has been gathered during the course of the investigation, but only that information deemed necessary to support the order requested herein.

4

known as ▮▮▮▮, who lives in Brooklyn, NY. According to the subscriber information for ▮▮▮ cell phone, she lists her e-mail address as ▮▮▮▮s@Hotmail.com.

    c.    Based upon a review of ▮▮ bank records and other investigative information, ▮▮ is remitting millions of dollars through its ▮▮ bank accounts to individuals and entities overseas. ▮▮ is not registered with the State of Connecticut or FinCEN to remit such funds and is, therefore, operating as an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960. Moreover, since there is evidence that the funds being wired are the proceeds of specified unlawful activity, ▮▮, ▮▮▮▮ and ▮▮▮▮ may also be engaging in money laundering, in violation of Title 18, United States Code, Section 1956.

    8.    Based on the above information, there are reasonable grounds to believe, and your applicant certifies, that the wire and electronic communications, records and information set forth in Attachment A are relevant and material to an ongoing criminal investigation being conducted by the DEA of the person(s) using the e-mail account name ▮▮▮▮@Hotmail.com in regard to possible violations of Title 18, United States Code, Sections 1956 and 1960.

    9.    Based upon the information above, disclosure to any person of this investigation, this application or the proposed order would result in destruction or tampering with evidence and otherwise seriously jeopardize the investigation.

    10.    Accordingly, the applicant requests that Hotmail be directed to produce all records described in Attachment A to the proposed orders. The information requested should be readily accessible to the providers by computer search, and its production should not prove to be burdensome.

11. Applicant further requests, pursuant to 18 U.S.C. §§ 2705(a) and (b), that this Application and Order be sealed by the Court for a period of 90 days, that Hotmail be directed to maintain the accounts consistent with its user agreements, and that Hotmail make no other disclosures of this Application and Order except to the extent necessary to carry out the Order.

WHEREFORE, it is respectfully requested that the Court grant an Order, (1) directing Hotmail to provide the DEA with the records and information described in Attachment A to the Order; (2) directing that the Application and Order be sealed for a period of 90 days; (3) directing Hotmail not to disclose the existence or content of the Order, except to the extent necessary to carry out the Order; and (4) directing that Hotmail continue to maintain the accounts as active and valid consistent with its user agreements.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

MARK D. RUBINO
ASSISTANT U.S. ATTORNEY
157 Church Street
New Haven, Connecticut 06510
(203) 821-3828
Fed bar No.: CT 03496